UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                         :
VICTOR PAYANO,                           :        13 Civ. 7967 (DLC)
                    Plaintiff,           :
                                         :          OPINION & ORDER
          -v-                            :
                                         :
COMPASSROCK REAL ESTATE LLC, and         :
RESOURCE MANAGEMENT, INC.,               :
                                         :
                    Defendants.          :
                                         :
--------------------------------------- X

APPEARANCES:

For plaintiff:

Abdul Karim Hassan
ABDUL HASSAN LAW GROUP, PLLC
215-28 Hillside Ave.
Queens, New York 11427

For defendants:

Aislinn S. McGuire
Marjorie B. Kulak
KAUFF McGUIRE & MARGOLIS LLP
950 Third Ave., 14th Fl.
New York, New York 10022


DENISE COTE, District Judge:

     On February 14, 2014, defendants CompassRock Real Estate

LLC ("CompassRock") and Resource Management, Inc. ("RMI") moved

to dismiss plaintiff's retaliation claims under the Fair Labor

Standards Act ("FLSA") and New York Labor Law ("NYLL").  For the

reasons below, defendants' motion is granted as to the FLSA

retaliation claim and denied as the NYLL retaliation claim.

**BACKGROUND**

Plaintiff Victor Payano ("Payano") makes the following allegations in his First Amended Complaint ("FAC").   For approximately three years, ending on October 28, 2013, Payano was employed to perform "a variety of maintenance work" in a residential apartment building located at 770 Garden Street in the Bronx (the "Garden Street Apartments").  He was "required to live in the building so that he could perform his job and respond more quickly to the needs of the building at all times." For the last eighteen months of his employment, defendant CompassRock was the managing agent of the Garden Street Apartments, and it employed defendant RMI to provide employee and payroll services.  Both CompassRock and RMI were listed on Payano's paystubs as his employer.

Attached to the FAC is a "Notice and Acknowledgement of Pay Rate and Payday Under Section 195.1 of the New York State Labor Law, Notice for Hourly Rate Employees" (the "Notice of Pay Rate").  The Notice of Pay Rate states that it was prepared by Megan Smith, Payroll Director, and appears to be signed by Payano in the space for "Employee Signature."  Payano's employer is identified as RMI.  According to the Notice of Pay Rate, Payano's "Rate of pay" was $12.50 per hour and his "Overtime Pay Rate" was $18.75.

Payano alleges that he usually worked between 50 and 60

hours each week, and sometimes 70 or more hours in a given week, but was only paid for 40 hours.  Payano attaches to the FAC timesheets he submitted to defendants for the weeks of March 25, April 1, and April 8, 2013, as well as several undated timesheets with fax cover sheets showing they were submitted in September and October 2013.  These timesheets are divided into two sections: on the left, the employee is to report "Time In" and "Time Out" for each day of the week; on the right, the employer is to mark how many "Regular Hrs," "Overtime Hrs," "Sick Hrs," "Vacation Hrs," and "Holiday Hrs" the employee is given credit for on each day.  On each of these timesheets, Payano reported working 70 hours or more, yet defendants gave Payano credit for only 8 "Regular Hrs" each weekday and no hours of any kind on weekends.  Payano was responsible for faxing his timesheet, along with the timesheets of three other employees, to defendants each week.  He was never reimbursed for the faxing charges he paid, which were approximately $4 each week.

In October 2013, defendants told Payano that he was required to sign an agreement entitled "Employee Occupancy Agreement" regarding Payano's occupancy of his apartment (the "Occupancy Agreement").  The Occupancy Agreement is attached to Payano's complaint.  Among other things, it states that, "as part of the consideration for [Payano's] employment [he has] a revocable license to occupy" his apartment "for so long as [he

is] an employee in good standing."  The Occupancy Agreement also provides that Payano must vacate the apartment within three days of termination or be considered a holdover occupant responsible for the fair market rent of the apartment, and it requires that Payano waive trial by jury "in any action or proceeding arising out of, under or by virtue of the terms of [Payano's] occupancy of the apartment."  Payano refused to sign.

Payano "complained . . . to defendants" both about being required to sign the Occupancy Agreement and about "[d]efendants' wage policy."  In particular, Payano "objected and opposed in good faith . . . defendants' failure to pay him required overtime wages."  On October 28, 2013, defendants "notified plaintiff that his employment with them was terminated because he opposed and complained about defendants' policy and refused to sign the proposed agreement."

On November 8, 2013, Payano brought the instant action. Payano filed the FAC on January 31, 2014, asserting four claims against defendants: (1) failure to pay overtime as required by the FLSA; (2) unpaid wages, under the NYLL; (3) retaliation under the FLSA; (4) retaliation under the NYLL.  On February 14, defendants moved to dismiss Payano's retaliation claims.  For the reasons set forth below, defendants' motion is granted as to Payano's FLSA retaliation claim and denied as to his NYLL retaliation claim.

**DISCUSSION**

When considering a motion to dismiss, a court must accept as true all allegations in the complaint and draw all reasonable inferences in the plaintiffs' favor. Keiler v. Harlequin Enters. Ltd, --- F.3d ---, 2014 WL 1704474, at *3 (2d Cir. May 1, 2014). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. (citation omitted). Accordingly, a court may disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id.

Applying the plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Plausibility depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." Fink v. Time Warner Cable, 714 F.3d 739, 741 (2d Cir. 2013) (citation omitted). Although the focus should be on the pleadings in considering a motion to dismiss, the court will deem the complaint to include "any written instrument attached

to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint."  L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (citation omitted).

**I.   FLSA Retaliation Claim**

The FLSA prohibits employers from retaliating against an employee "because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in any such proceeding . . . ."  29 U.S.C. § 215(a)(3).  The Second Circuit held, in Lambert v. Genesee Hospital, 10 F.3d 46 (2d Cir. 1993), that Section 215 does not encompass so-called "internal" complaints made to an employer.  Id. at 55-56.

Lambert was abrogated in part by the Supreme Court's decision in Kasten v. Saint-Gobain Performance Plastics Corp., 131 S. Ct. 1325 (2011), insofar as Lambert held that oral as opposed to written complaints were not protected.  Id. at 1330, 1336.  The Kasten Court expressly declined to determine whether Section 215 covers internal complaints in addition to complaints to the Government.  Id. at 1336.  On June 10, 2013, the Second Circuit heard argument concerning whether the Court's reasoning in Kasten counsels revisiting Lambert's holding.  See Greathouse v. JHS Sec. Inc., 12-4521 (2d Cir.).  That appeal remains under consideration.

Unless and until the Second Circuit overrules Lambert, it remains binding on this Court.  Because plaintiff alleges that his only complaint was to his employer, Lambert requires that plaintiff's claim for retaliation under the FLSA be dismissed. This dismissal is without prejudice to plaintiff's moving to reassert this claim should Lambert be overruled before judgment is entered.

## II.  NYLL Retaliation Claim

New York Labor Law prohibits an employer from discharging an employee "because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of [the Labor Law], or any order issued by the commissioner."  NYLL § 215(1)(a)(i).  Thus, unlike the FLSA, the NYLL expressly protects a complaint to an employer. "An employee complaint . . . need not make explicit reference to any section or provision of [the Labor Law] to trigger the protections" of Section 215.  Id.  An order issued by the commissioner of the New York Department of Labor provides that "[a]n employer shall pay an employee, except a janitor in a residential building, for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in a workweek."  N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.4.

Payano has adequately pled a claim for retaliation under the NYLL.  He alleges that defendants told him they were discharging him because of his complaints about their "wage policy" -- in particular, their failure to compensate him for overtime hours -- as well as his refusal to sign the Occupancy Agreement.  This supports a reasonable inference that Payano's discharge was "because . . . [of Payano's] complaint to his . . . employer."  And, drawing all reasonable inferences in Payano's favor, when Payano objected to defendants' wage policy, he did so in the belief that defendants were violating applicable labor laws.  Such a belief was reasonable, as the NYLL generally guarantees overtime wages, and defendants provided Payano a Notice of Pay Rate that confirmed that he was to be paid an "Overtime Pay Rate" equal to one-and-a-half times his ordinary "Rate of pay."

Defendants do not dispute that Payano has adequately alleged that he was terminated because of his complaint. Rather, they argue that an employee complaint must raise a "colorable violation" of the NYLL in order for an employee to "reasonably . . . believe[]" a violation has occurred. Defendants contend that Payano's own pleadings establish he was a "janitor in a residential building" within the meaning of Section 141-1.4, and thus his belief that he was entitled to overtime was not reasonable.  Defendants' argument fails.

Assuming, _arguendo_, that Payano was required to raise a "colorable violation" in his complaint to defendants, he did so. Indeed, defendants elected not to move to dismiss Payano's second cause of action, alleging defendants' actual violations of the NYLL.  Payano was entitled to time-and-a-half pay for overtime unless he was a "janitor" within the meaning of Section 141-1.4.  A building may only have a single janitor, and where a building's management employs more than one person who "render[s] any physical service in connection with the maintenance, care or operation" of the building, it must "designate [one such] employee who lives in the building as the janitor."  N.Y. Comp. Codes R. & Regs. tit. 12, § 141-3.4.

Payano alleges that he faxed timesheets on behalf of three other employees, from which one can reasonably infer that the Garden Street Apartments employed multiple maintenance persons. And Payano does not allege that he was ever designated as the Garden Street Apartments' "janitor."  Thus it would require the assumption of facts not alleged to hold that Payano was a "janitor" excluded from New York's overtime regulations.  As all reasonable inferences must be drawn in Payano's favor, Payano cannot be said to have been a "janitor" for purposes of this motion.  Accordingly, defendants' motion to dismiss Payano's retaliation claim under the NYLL is denied.

**CONCLUSION**

Defendants' February 14, 2014 partial motion to dismiss is granted as to plaintiff's FLSA retaliation claim and denied as plaintiff's NYLL retaliation claim.


Dated:    New York, New York
          May 12, 2014

                        _____
                             DENISE COTE
                        United States District Judge