UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Victor Payano,<br><br>                    Plaintiff,<br><br>          -v-<br><br>Compassrock Real Estate LLC, and Resource Management, Inc.,<br><br>                    Defendants. | Civ. Action #: 13-CV-7967 (DLC) (FM)<br><br>**Motion for Declaratory Ruling** |

## I. PRELIMINARY STATEMENT

By way of background, plaintiff brought the instant case to recover unpaid overtime wages under the FLSA and NYLL as laid out in the complaint. The parties have reached a settlement of the entire action including agreement on the monies to be paid and the releases to be given by the parties. However, implementation of the settlement and closure of the case are being delayed because defendants are insisting on a confidentiality provision which is unacceptable because confidentiality provisions are prohibited by the FLSA, among other reasons.

Defense counsel has informed me after consulting Chambers that Judge Cote is one of the district judges that requires court approval of FLSA settlements. As part of that approval process the parties have agreed to seek a ruling from the Court on the validity of confidentiality provisions in FLSA settlement agreements – such a ruling can clear the way for approval and implementation of the settlement reached by the parties.

## II. ARGUMENT

### 1. CONFIDENTIALITY PROVISIONS VIOLATE THE FLSA

While it is understood that the parties can agree to waive past FLSA liability with the approval of the court, it is equally understood that the parties cannot agree, and a court cannot

1

approve, prospective waivers of FLSA rights or obligations or provisions which frustrate the policy, purpose, goals and implementation of the FLSA. See for example Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 710 (1945) (addressing settlement in FLSA context and noting that "contracts tending to encourage violation of laws are void as contrary to public policy."). For example, the parties cannot adopt, and a court is not empowered to approve, an agreement which allows an employer not to comply with the FLSA in the future or not to pay in the future the overtime wages required by the FLSA. The rights under the FLSA not only include the right to be paid certain minimum and overtime wages under 29 USC § 206, 207, they also include the right to be free from retaliation and discrimination under 29 USC § 215 and the rights to associate and promote the goals of the FLSA.

In almost every FLSA settlement, including this one, the defendant usually insists on numerous prospective obligations and waivers of rights with which plaintiffs, including plaintiff herein, disagrees – it then takes an enormous amount of time to get rid of these provisions. Prospective obligations and waivers such as no-reemployment, confidentiality, non-disparagement, non-cooperation, etc., are in violation of the FLSA and the public policy behind the FLSA, and the parties are therefore not permitted to agree to these provisions as part of an FLSA settlement.

In the instant action, defendants are insisting on a confidentiality provision. We will address the invalidity of confidentiality provisions by first focusing on Dees v. Hydradry, Inc., 706 F.Supp.2d 1227 (M.D. Fla., 2010), a case that examined the issue in great detail and which has been cited to by numerous federal judges here in New York. In Dees, 706 F.Supp.2d at 1241-1243 (M.D. Fla., 2010), the court held that confidentiality provisions were invalid under the FLSA and stated in relevant part as follows:

>Because of worry that settling with one employee will encourage other employees to assert FLSA rights, the employer may seek to maintain the confidentiality of the settlement agreement. But a confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the "private-public" rights FN16 granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute. To further Congress's intent, the Department of Labor requires the employer of an employee covered by the FLSA to display conspicuously in the workplace a detailed notice of the employee's FLSA rights.FN17 By including a confidentiality provision, the employer thwarts the informational objective of the notice requirement by silencing the employee who has vindicated a disputed FLSA right.
>
>Furthermore, Section 15(a)(3) of the FLSA proscribes an employer's retaliating against an employee for asserting rights under the FLSA. If an employee covered by a confidentiality agreement discusses the FLSA with fellow employees or otherwise asserts FLSA rights, the employer might sue the employee for breach of contract. The employer's most proximate damages from the employee's breach are the unpaid FLSA wages due other employees who learned of their FLSA rights from the employee who breached the confidentiality agreement. A confidentiality agreement, if enforced, (1) empowers an employer to retaliate against an employee for exercising FLSA rights, (2) effects a judicial confiscation of the employee's right to be free from retaliation for asserting FLSA rights, and (3) transfers to the wronged employee a duty to pay his fellow employees for the FLSA wages unlawfully withheld by the employer. This unseemly prospect vividly displays the inherent impropriety of a confidentiality agreement in settlement of an FLSA dispute.
>
>A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights. "The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered the national health and efficiency and as a result the free movement of goods in interstate commerce." Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 706-07, 65 S.Ct. 895, 89 L.Ed. 1296 (1945). The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA.

Federal courts in New York have also adopted the holding in <u>Dees</u> that confidentiality provisions violate the substance and policy and purpose of the FLSA. In <u>Palazzolo v. Eugene</u>

3

Pezzollo DMD, 2014 WL 112396, 1 (E.D.N.Y., 2014), for example, Judge Seybert stated in relevant part as follows:

> [The Court] cannot approve the Settlement Agreement and close the case at this time.
>
> The parties have submitted a Settlement Agreement requiring judicial approval in this Fair Labor Standards Act ("FLSA") action. (See Docket Entry 15.) However, although the parties have filed the agreement on the public docket, it contains a confidentiality provision.

In Moreno v. Nassau Country Club, 2013 WL 5788730, 2 (E.D.N.Y., 2013), Judge Hurley refused to approve an FLSA settlement agreement because it contained a confidentiality provision and reiterated and restated the following from Dees:

> By including a confidentiality provision, the employer thwarts the informational objective of the [FLSA] notice requirement by silencing the employee who has vindicated a disputed FLSA right.

In Mamani v. Licetti, 2014 WL 2971050, 3 (S.D.N.Y., 2014), Judge Kimba Wood, cited to Dees, refused to approve an FLSA settlement agreement that contained a confidentiality provision, and directed the parties to "file on the public docket a revised Settlement Agreement that does not include a confidentiality provision," before the Court could approve the settlement. See also, Bouzzi v. F & J Pine Restaurant, LLC, 841 F.Supp.2d 635, 640 -641 (E.D.N.Y., 2012) ("confidentiality contravenes the legislative intent of the FLSA"). Cortes v. Skytop Restaurant, Inc., No. 09 Civ. 10252(CM)(KNF), 2010 WL 4910242, at *2 (S.D.N.Y. Nov. 17, 2010) ("In FLSA cases, I rarely think that confidentiality provisions are fair."). Mosquera v. Masada Auto Sales, Ltd., 2011 WL 282327, 1 (E.D.N.Y.,2011) ("several District Courts in this Circuit have banned confidentiality provisions in stipulated settlement agreements for FLSA actions."). In Morgan v. Future Ford Sales, 830 F.Supp. 807, 814 -815 (D.Del., 1993), the court analyzed Supreme Court and Court of Appeals case law and concluded that the FLSA "protects actions of

4

an employee which may cause third parties to institute their own proceedings." The Morgan court noted that given the remedial nature of the FLSA, it is given a very liberal interpretation and the range of activities which it protects is very broad. The EEOC and NLRB enforce provisions similar to those under NYLL 215 and the FLSA at 29 USC 215 and both these agencies have taken positions consistent with plaintiff's argument on this point[1].

       Defendants have taken the position that the FLSA and the above authorities only require the public filing of FLSA settlement agreements but do not prohibit confidentiality provisions. However, in the above cases, the courts found that confidentiality provisions violate the FLSA and not just the right to public access of judicial documents and proceedings. Moreover, there is a logical assumption that if a settlement and case are required to be public, the public, of which plaintiff is a part, is free to speak about the settlement, case, parties etc. In addition, some courts may not address the issue of prohibition where the plaintiff does not oppose confidentiality – but where as here, the plaintiff directly opposes the confidentially provision, the FLSA's prohibition against confidentiality should be enforced. Courts should also be conscious of the possibility that lawyers may be too willing to take the money and run while leaving the client with draconian provisions such as confidentiality that will affect their lives forever. Here, plaintiff's counsel is spending a lot of time on the issue of confidentiality for which he will not be compensated but the additional work is necessary to protect the plaintiff's rights and the integrity of the FLSA framework. The fact that the plaintiff has a right to disclose does not mean the plaintiff will disclose – it is usually in the best interest of everyone for the parties to go their separate ways and avoid conflict in the future. Regardless of whether plaintiff just moves on as he is almost certain to do, he should not have an illegal hammer over his head that also harms the FLSA.

---

[1] In http://www.law.com/jsp/cc/PubArticleCC.jsp?id=1202567942105 and http://www.law.com/jsp/cc/PubArticleCC.jsp?id=1202569724609

Defendants also seem to take the position that there should not be a categorical or bright-line prohibition of confidentiality provisions in FLSA settlements. First, there should be a categorical prohibition because confidentiality provisions, regardless of their form, are intended to frustrate FLSA compliance and enforcement. Second, the reasons set forth (See August 7, 2014 letter) by defendants for confidentiality in this case fall far short of justifying an exception to the prohibition, assuming that such an exception is even possible. In fact, the main activities the confidentiality provision seeks to prevent – discussions "with co-workers" and "further litigation"[2] to exercise FLSA rights and wages, is precisely what the FLSA protects and encourages in order to further its goals, policy, implementation and enforcement. See also 29 USC 215 and NYLL 215. Third, if defendants feel confidentiality and other matters are so very important, they can try to negotiate them separately so long as those negotiations are not tied to the FLSA case and settlement directly or indirectly – a plaintiff and his wages should not be held hostage because the employer is insisting on confidentiality or other improper provisions that have nothing to do with the FLSA dispute and case. Fourth, unless there is a bright-line, categorical rule, the prohibition of confidentiality would be meaningless because constantly revising confidentiality provisions and litigating and evaluating those revisions will consume significant resources of the courts and the parties and also result in significant delays where time is of the essence - as has happened in this case. Fifth, as noted in defendants' August 7, 2014 letter, defendants have initiated legal proceedings in an attempt to evict plaintiff from his apartment – defendants are also trying to evict a family member of plaintiff. Plaintiff views these eviction proceedings as retaliation for him filing this FLSA case and support the view that defendants will use any confidentiality provision to subject plaintiff to further retaliatory litigation. Also, despite plaintiff's proposal to make exceptions to confidentiality for ongoing

---

[2] See page 1 of Defendants' August 7, 2014 letter – ECF # 32

litigation, we simply do not know the current or future extent of those other cases or where they may lead, and restricting plaintiff with the use of confidentiality is unwise and unreasonable.

Plaintiff's position that confidentiality provisions violate the policy and intent behind the FLSA is also consistent with the requirement of court approval of FLSA settlements. Courts require approval in order to ensure that the public policy, purpose and goals of the FLSA are not frustrate or undermined by the settlement. The Court in <u>Hens v. Clientlogic Operating Corp.</u>, No. 05–CV–0381, 2010 WL 4340919, at *4 (W.D.N.Y. Nov. 2, 2010), probably said it best when it stated that, "Preventing the employee's co-workers or the public from discovering the existence or value of their FLSA rights is an objective unworthy of implementation by a judicial seal." But this is precisely the purpose of a confidentiality provision in an FLSA settlement agreement.

## 2. CONFIDENTIALITY PROVISIONS RESULT IN IMPROPER WAIVER OF WAGES

Confidentiality provisions not only require a waiver of FLSA rights as laid out above, they also result in waiver of FLSA wages. First, obligations carry inherent opportunity and compliance costs and those costs operate as a partial or total forfeiture or waiver of the wages paid through the settlement. Also, under the confidentiality provision, plaintiff may lose employment, public benefits or a loan that requires disclosure prohibited by the confidentiality provision. In addition, plaintiff may need to seek legal advice at considerable costs in order to comply with confidentiality provisions. Also, because the confidentiality provisions last forever and the true costs of future compliance cannot be known at this point, it is impossible to determine the true value of the settlement and whether the settlement is fair and reasonable.

Second, confidential provisions which are deemed material will result in forfeiture or waiver of wages because under contract law, the remedy for breach of a material provision can be the return of the consideration or monies paid. However, where the case is dismissed with

prejudice and the limitations period has run, plaintiff would be giving up his wages without getting back his claims.

Third, and more directly, the attorneys' fees in the event of breach can easily exceed the settlement value. For example, it is grossly unfair and unreasonable to approve a settlement where the employee receives $10 in wages but can be liable for $100 in legal fees in the event of breach of confidentiality provisions that are difficult to comply with and where breach can occur even if plaintiff has the best of intentions. Strangely, because the proposed confidentiality here is one-sided, if defendants misrepresented the settlement and plaintiff corrected those misrepresentations, plaintiff's corrections can be construed as a breach of confidentiality – subjecting plaintiff to significant financial and other costs.

### 3. CONFIDENTIALITY PROVISIONS IMPOSE UNREASONABLE COSTS AND DELAYS IN THE UNDERLYING ACTION

Confidentiality provisions are also improper because they impose unreasonable litigation costs and delays. When the parties agree to a settlement number, completing the deal should not take much time if parties agree to general releases in exchange for payment by defendants. However, defendants generally forward a proposed settlement agreement filled with numerous prospective obligations such as confidentiality. Dealing with these prospective obligations can sometimes take months and costs thousands of dollars in legal fees – thus significantly reducing the value and benefit of the settlement. If the Court makes it clear that confidentiality provisions violate the FLSA, the parties will simply avoid them and save the immense time and expense that they would otherwise require. Spending such large amounts of time and fees on these confidentiality provisions is especially unreasonable and unnecessary given that these prospective provisions are invalid under the FLSA.

### III. CONCLUSION

Based on the foregoing, plaintiff kindly requests a ruling from this Court: 1) that confidentiality provisions are categorically prohibited by the FLSA; or 2) in the alternative, that confidentiality is prohibited by the FLSA in the context of this case; and 3) such other, further and different relief in plaintiff's favor, as the Court deems just and proper.

Dated: Queens Village, New York
August 8, 2014

Respectfully submitted,

Abdul Hassan Law Group, PLLC

_/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000