# AGREEMENT AND GENERAL RELEASE

**AGREEMENT**, between Victor Payano ("Plaintiff"), CompassRock Real Estate LLC ("CompassRock") and Resource Management, Inc. ("RMI") (CompassRock and RMI together "Defendants").

**WHEREAS**, on or about November 8, 2013, Plaintiff filed an action in the U.S. District Court for the Southern District of New York, *Payano v. CompassRock Real Estate LLC, et al.*, Index No. 13-cv-7967, alleging that Defendants failed to pay Plaintiff wages due to him under federal and state law and retaliated against him for complaining about wage and hour law violations (the "Action");

**WHEREAS**, Defendants have denied and continue to deny all of the claims and material allegations asserted by Plaintiff in the Action; and

**WHEREAS**, the parties, desiring to avoid the burden, uncertainty, delay, expense and distraction of protracted litigation, have reached a mutually agreeable settlement of the Action.

**NOW, THEREFORE**, in exchange for and in consideration of the mutual covenants and promises set forth in this Agreement, the parties agree as follows:

1.  **Consideration**. In consideration of the promises by Plaintiff in this Agreement, and provided Plaintiff executes, does not revoke, and complies with the terms of this Agreement, Defendants shall cause to be forwarded via overnight delivery to Abdul K. Hassan, Esq., Abdul Hassan Law Group, PLLC, 215-28 Hillside Avenue, Queens Village, NY 11427 ("Plaintiff's Counsel"), within ten (10) days of the Effective Date of this Agreement (as defined in paragraph 9):

    a. a check made payable to "Victor Payano" in the amount of Seventeen Thousand Five Hundred Dollars ($17,500.00), less all required withholding taxes and deductions, for which a Form W-2 will be issued to Plaintiff;

    b. a check made payable to "Victor Payano" in the amount of Seventeen Thousand Five Hundred Dollars ($17,500.00), representing liquidated and other damages, for which a Form 1099 will be issued to Plaintiff;

    c. a check made payable to "Abdul K. Hassan Law Group, PLLC," in the amount of Thirty-Five Thousand Dollars ($35,000.00), representing legal fees and costs, for which a Form 1099 shall be issued to Plaintiff's Counsel.

    Upon execution of this Agreement, Plaintiff shall cause his counsel to provide to counsel for Defendants: (i) a Form W-9 executed by Plaintiff's Counsel, which will be used to issue the Form 1099 to Plaintiff's Counsel; and (ii) the address to which Plaintiff's Form 1099 and Form W-2 should be sent.

4815-5105-6411.6

_JMENT
_CTRONICALLY
9/9/2014

For all payments for which a Form 1099 is issued, it will be the recipient's sole responsibility to pay the appropriate federal, state and local income taxes, interest and other amounts due on such payments, and the recipient shall indemnify and hold Defendants harmless from and against any and all losses, costs, damages or expenses, including attorneys' fees, interest, assessments, withholding and penalties, arising out of any dispute over the tax treatment of such payments to the recipient.

2. **No Consideration Absent Execution of This Agreement.** Plaintiff understands and agrees he would not receive the total monies and/or benefits specified in Paragraph 1 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

3. **General Release of Claims by Plaintiff.** In return for the payments identified in paragraph 1, Plaintiff hereby knowingly and voluntarily releases and forever discharges the "Released Parties" from any and all known and unknown "Claims" (each as defined below) that Plaintiff had, has or may have against the Released Parties through the date Plaintiff executes this Agreement, including, but not limited to, any Claims arising under:

Title VII of the Civil Rights Act of 1964;

The Civil Rights Act of 1991;

Sections 1981 through 1988 of Title 42 of the United States Code;

The Employee Retirement Income Security Act of 1974;

The Immigration Reform and Control Act;

The Sarbanes-Oxley Act of 2002;

The Americans with Disabilities Act of 1990;

The Family and Medical Leave Act of 1993;

The Age Discrimination in Employment Act of 1967;

The federal and New York state Fair Credit Reporting Acts;

The Fair Labor Standards Act;

The New York State Executive Law (including its Human Rights Law);

The New York State Labor Law (including all wage and hour laws);

4815-5105-6411.6

The New York City Administrative Code (including its Human Rights Law);

Any other federal, state or local civil, human rights, bias, whistleblower, discrimination, retaliation, wage, compensation, employment, labor or other local, state or federal law, regulation or ordinance;

Any amendments to the foregoing laws;

Any benefit, payroll or other plan, policy or program;

Any public policy, contract, quasi-contract, third-party beneficiary, tort or common law Claims (including Claims for defamation, breach of express or implied contract), wrongful discharge, promissory estoppel, unjust enrichment, quantum meruit, emotional distress, fraud or misrepresentation); and

Any Claims for costs, fees, compensatory, punitive or liquidated damages or other expenses including attorneys' fees.

For purposes of this Agreement: (i) "Released Parties" shall mean Defendants and their affiliates, subsidiaries and parent companies, joint venture participants, insurers, and all of their partners, successors, and predecessors and present and former agents, employees, officers, directors and representatives; and (ii) "Claims" shall mean any and all claims, actions, causes of action, rights, judgments, obligations, demands, accountings and liabilities of whatever kind or character.

The foregoing general release does not include or apply to: (i) any payment or obligation of Defendants required under this Agreement; (ii) any Claim arising from any act or omission by the Released Parties committed or omitted subsequent to Plaintiff's execution of this Agreement; (iii) Plaintiff's vested benefits in any tax qualified employee benefit plan in which Plaintiff participated by virtue of his employment with Defendants; (iv) any rights Plaintiff or any of Plaintiff's family members may have to occupy an apartment or unit at 770-780 Garden Street, Bronx, New York ("Garden Street"); (v) any Claims that have been asserted in the action captioned *Garden Property Associates LLC v. Victor Payano*, Civil Court of the City of New York, County of Bronx, Housing Part G, Index No. L&T 20463/2014 ("Housing Action"), and (iv) any other Claims that cannot be released as a matter of law. With respect to (iv) above, Defendants do not concede that Plaintiff or any of Plaintiff's family members have any right to occupy an apartment or unit at Garden Street.

4. **Acknowledgments and Affirmations**.

a. Plaintiff affirms that in the Action he is seeking unpaid wages or overtime pay under the Fair Labor Standards Act ("FLSA"), the New York State Labor Law, and/or any other law, regulation or basis, and affirms that there is a bona fide dispute as to

4815-5105-6411.6

3

Plaintiff's entitlement to, and the amount of, such wage payments, including Plaintiff's FLSA claims which are being settled and released by this Agreement.

    b. **No Further Claims.** Plaintiff and Defendants acknowledge that, other than any Claims asserted in the Housing Action, they have no further Claims against each other and that, other than the Claims asserted in the Housing Action, any and all Claims that they may have had against each other are resolved by this Agreement.

    c. Plaintiff and Defendants acknowledge that, other than the Housing Action, they do not currently have pending before any court (U.S. or foreign) or before any federal, state, or local governmental agency (U.S. or foreign) any dispute of any kind against the other party, either individually or jointly. Plaintiff and Defendants acknowledge that they have not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person any dispute released by Plaintiff or Defendants herein.

  5. **Cooperation with Government Agencies.** Nothing in this Agreement, including the confidentiality provisions in paragraph 6 herein, shall prohibit Plaintiff from filing a complaint with the Equal Employment Opportunity Commission, U.S. and New York State Departments of Labor, or other similar government agency and/or cooperating with such agency in an investigation; provided that, (a) Plaintiff shall not be entitled to, and shall not seek nor permit anyone to seek on Plaintiff's behalf, any monetary relief in any such agency action against the Released Parties regarding Claims released pursuant to this Agreement, and (b) in the event Plaintiff is awarded such monetary relief by any such agency, Plaintiff shall immediately remit such award to Defendants

  6. **Confidentiality.**

    a. Plaintiff shall not disclose information related to the business or affairs of Defendants, such as information regarding the tenants and the operation of Garden Street, which has been disclosed to Plaintiff in connection with this litigation, to any person or entity, or make use of such information, directly or indirectly, for any purpose whatsoever unless required by law.

    b. Deleted.

    c. If Plaintiff receives a subpoena or other mandate pursuant to law which requires or could require disclosures prohibited by this Agreement, he or his counsel shall, unless prohibited by law, immediately transmit a copy of such subpoena or mandate to Kauff McGuire & Margolis LLP, 950 Third Avenue, 14th Floor, New York, New York 10022, Attn: Aislinn McGuire, so that Defendants shall have the ability to seek an appropriate protective order prior to Plaintiff making any disclosure in response to such subpoena or other legal mandate.

  7. **Defendants' Property.** Plaintiff represents and warrants that, to the best of his knowledge, Plaintiff has returned to Defendants all property of Defendants in his

4815-5105-6411.6

4

possession, custody and control which Plaintiff received, accessed or prepared or helped prepare in connection with or as a consequence of Plaintiff's employment, including but not limited to business cards, reports, files and presentations (including those maintained electronically), computers, memoranda, records, credit cards, cardkey passes, door and file keys, computer access codes and software, tools, equipment, supplies, and other physical or personal property (including property maintained electronically). Plaintiff further represents and warrants that Plaintiff has not and shall not retain any duplicates or reproduction of such items, has not transferred such items to any third party, and has no means of accessing such items.

8. **Judicial Approval and Dismissal of the Action with Prejudice**. Plaintiff shall cause his counsel to prepare and file a request for judical approval of the settlement within ten (10) days of his receipt of Defendants' duly executed Agreement. Prior to the filing of this request for judicial approval, Defendants' counsel shall have a reasonable opportunity to review and provide comments regarding the request, and shall also be permitted to submit a supplementary letter to the Court if Defendants' counsel disagrees with any statement in the final version of the request for judicial approval. Within three (3) days of the Court's approval of the settlement, Plaintiff and Defendants shall cause the Action to be voluntarily dismissed with prejudice by: (i) directing their respective counsel to execute the Stipulation and Order of Dismissal With Prejudice ("Stipulation") in the form attached hereto as Exhibit A; and (ii) Defendants causing their counsel to file the fully-executed Stipulation with the Court and request that it be so-ordered. Plaintiff and Defendants shall also execute (or cause their respective counsel to execute) any other documents necessary to obtain dismissal of the Action with prejudice. The parties acknowledge that the Court's July 24, 2014 Order provides that the Pretrial Order in this Action is due by September 12, 2014. In the event that additional time is needed to apply for approval of the settlement because Plaintiff's time to consider and/or revoke this Agreement under the Age Discrimination in Employment Act has not yet expired, the parties agree that a brief extension of this deadline may be requested from the Court to enable Plaintiff to seek judicial approval of the settlement of Plaintiff's FLSA Claims.

9. **Effective Date**. This Agreement shall not become effective until the Court issues an order approving the settlement of the Action, in accordance with the terms set forth herein and the FLSA, and so-orders the Stipulation. ("Effective Date").

10. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breach any provision of this Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the general release language

4815-5105-6411.6

is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

11. **Amendment**. Except as provided in Paragraph 10 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

12. **Resolution of Disputes**. The parties agree that the Court in the Action shall retain jurisdiction to resolve any disputes arising out of this Agreement and the settlement of the Action.

13. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind. Defendants have agreed to make the payments set forth in paragraph 1 solely to avoid the burden, uncertainty, delay, expense and distraction of protracted litigation.

14. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto with respect to the subject matter herein, and fully supersedes any prior agreements or understandings (oral or written) between the parties with respect thereto. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind (oral or written) made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents. This Agreement shall bind and inure to the benefit of the parties and their respective successors and assigns, legal representatives and heirs; provided, however, that Plaintiff may not assign this Agreement or any of his rights or interest herein, in whole or in part, to any other person or entity without the prior written consent of the Defendants.

15. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

16. **Counterparts; Facsimiles and PDFs**. This Agreement may be executed in counterparts, each of which when taken together shall constitute one instrument. Facsimile transmission of signatures on this Agreement shall be deemed to be original signatures and shall be acceptable to the parties to this Agreement for all purposes. In addition, transmission by electronic mail of a PDF document created from the originally signed document shall be acceptable to the parties to this Agreement for all purposes.

17. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

4815-5105-6411.6

18. **Joint Participation in Preparation of Agreement.** The parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

19. **Competency to Waive Claims.** At the time of considering or executing this Agreement, Plaintiff was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is competent to execute this Agreement and knowingly and voluntarily waives any and all claims he may have against the Released Parties.

PLAINIFF HAS BEEN ADVISED THAT HE HAS TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT, HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT AND HAS CONSULTED WITH HIS COUNSEL, ABDUL KARIM HASSAN, ESQ. REGARDING THE AGREEMENT.

AFTER THE DATE ON WHICH PLAINTIFF EXECUTES THIS AGREEMENT, PLAINTIFF SHALL HAVE SEVEN (7) DAYS (THE "REVOCATION PERIOD") TO REVOKE THIS AGREEMENT BY INDICATING HIS DESIRE TO DO SO IN WRITING ADDRESSED TO COUNSEL FOR DEFENDANTS.

PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.

***REMAINDER OF PAGE INTENTIONALLY LEFT BLANK***

*So ordered.*

*[signature]*
*Sept. 8, 2014*

4815-5105-6411.6

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and General Release as of the date set forth below:

**PLAINTIFF:**

**VICTOR PAYANO**

By: *[signature]*

Date: 8/25/14

*witnessed by Abdul K. Hassan, Esq. on 8-25-2014*

*[signature] Abdul Hassan*

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF BRONX    )

On this ___ day of August 2014, before me personally came Victor Payano, to me known and known to me to be the individual described in, and who executed the foregoing Agreement and General Release, and duly acknowledged to me that he had executed the same.

Sworn to before me this
___ day of August 2014

_____
Notary Public

**DEFENDANT:**

**COMPASSROCK REAL ESTATE LLC**

By: *[signature]*

Print Name: Jason Kalish

Date: 9/2/14

**DEFENDANT:**

**RESOURCE MANAGEMENT, INC.**

By: *[signature]*

Print Name: D. James Morgan

Date: 9-4-14

4815-5105-6411.6   8

# EXHIBIT A

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

4815-5105-6411.6